UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HAWKINS,<br>Booking #22723786,<br><br>    Plaintiffs,<br><br>vs.<br><br>SAN DIEGO POLICE DEPT, et al.,<br><br>    Defendants. | Case No.: 3:22-cv-01727-CAB-DDL<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES REQUIRED BY<br>28 U.S.C. § 1914(a)**<br><br>**[ECF No. 2]** |

Plaintiff Christopher Todd Hawkins, while detained at the San Diego Central Jail ("SDCJ") and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff seeks monetary damages and his "immediate release" based on claims that San Diego Police Officers unlawfully detained and then falsely arrested him based on the "slanderous" statements of a downtown San Diego day spa property manager on January 13, 2022. *Id.* at 1–7.

Hawkins has not prepaid the $402 civil filing fee required by 28 U.S.C. § 1914(a), but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner at the time of filing, he may be granted leave to proceed IFP, but nevertheless remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Prisoners like Hawkins seeking leave to proceed IFP must also submit a "certified copy of the[ir] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the institution having custody of the prisoner collects subsequent payments, assessed at

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

20% of the preceding month's income, in any month in which his account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Hawkins has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his SDCJ Inmate Trust Account Activity Report for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

Without his certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of Hawkins's case. *See* 28 U.S.C. § 1915(b)(1).

## II. Conclusion and Order

For this reason, **IT IS ORDERED** that:

(1)   Hawkins' Motion to Proceed IFP (ECF No. 2) is **DENIED** and the action is **DISMISSED** without prejudice for failure to prepay the $402 filing fee required by 28 U.S.C. § 1914(a).

(2)   Hawkins is **GRANTED** forty-five (45) days from the date of this Order in which to re-open his case by either: (1) paying the entire $402 statutory and administrative filing fee in one lump-sum, **or** (2) filing a renewed Motion to Proceed IFP, *which includes a prison certificate and/or a certified copy of his SDCJ Inmate Trust Account Statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

(3)   The Clerk of the Court is **DIRECTED** to provide Hawkins with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience. But if Hawkins neither pays the $402 filing fee in full, nor sufficiently

completes and files a renewed Motion to Proceed IFP, *together with a certified copy of his 6-month trust account statements* within 45 days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without any further Order of the Court.[1]

**IT IS SO ORDERED**.

Dated: November 7, 2022

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Hawkins is cautioned that if he chooses to re-open this case by either prepaying the full $402 civil filing fee, or submitting a properly supported renewed Motion to Proceed IFP, his Complaint will be subject to a preliminary review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").